

Christopher Andrews  
T: +1 212 479 6862  
candrews@cooley.com

**VIA ECF**

April 24, 2024

The Honorable Natasha C. Merle  
United States District Court, Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, New York 11201

Re:   *Vasell v. SeatGeek, Inc.*, Case No. 1:24-cv-00932-NCM-JRC

Dear Judge Merle:

This firm is counsel to Defendant SeatGeek, Inc. ("SeatGeek") in the above-referenced action. Pursuant to Section III.A of Your Honor's Individual Practice Rules and this Court's April 3, 2024 order, we write to request a pre-motion conference for SeatGeek's anticipated consolidated motion to compel arbitration under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.* and motion to dismiss the Amended Class Action Complaint ("FAC") under Rules 12(b)(1) and 12(b)(6).

### I.   BACKGROUND

This is one of at least 29 copycat actions recently filed across this state under the "All-In Pricing" law. N.Y. ARTS & CULT. AFF. LAW § 25.07(4). Plaintiffs each completed purchases on SeatGeek's website, and allege that SeatGeek has been improperly charging customers in violation of the law because certain transaction fees are not shown in the "initially quoted fee." FAC ¶¶ 1–8. Based on these same allegations, Plaintiffs also bring a claim for unjust enrichment. The FAC suffers from numerous defects, as set forth herein.[1]

### II.   THE NAM PLAINTIFFS AFFIRMATIVELY AGREED TO ARBITRATION AND A CLASS ACTION WAIVER

The NAM Plaintiffs' affirmative agreement to arbitration and a class action waiver precludes them from bringing this putative class action. Each NAM Plaintiff entered into a valid and binding agreement. *See* Ex. A.[2] Before they purchased tickets on SeatGeek's website, each of them click-accepted SeatGeek terms containing a mandatory arbitration clause and class action waiver. SeatGeek will show that each NAM Plaintiff clicked a button, and that text directly above that button contained a hyperlink to SeatGeek terms advising them that clicking would bind them to

---

[1] Plaintiffs Grant, Biederman, Carey, and Vassell agreed to SeatGeek's terms of use ("TOU") mandating arbitration administered by National Arbitration and Mediation and did not opt out (hereinafter "NAM Plaintiffs"). *See* Ex. A § 14.

[2] Plaintiff Vassell agreed to the TOU at Exhibit A because he opened an email notifying him of the update. *Cf. Starkey v. G Adventures, Inc.*, 796 F.3d 193, 197 (2d Cir. 2015) (holding that email notice that contained link to relevant terms was sufficient to bind plaintiff to those terms).

April 24, 2024
Page 2

that agreement. Plaintiffs Grant and Vassell accepted *twice*. Courts routinely conclude that click accepting in this manner forms a valid contract. *See, e.g.*, *Edmundson v. Klarna, Inc.*, 85 F.4th 695, 707 (2d Cir. 2023) (compelling arbitration, concluding plaintiff "unambiguously manifested assent" to defendant's terms of use by clicking "[c]onfirm and continue" on defendant's website); *see also Lewis v. Samsung Elecs. Am., Inc.*, 2023 WL 7623670, at *7–8 (S.D.N.Y. Nov. 14, 2023) (compelling arbitration based on click-wrap agreement).

The TOU contains clear arbitration clauses and class action waivers, providing as follows:

> **14.4 Applicability of Arbitration Agreement.** Except as specifically stated in this Section, any dispute, claim, or controversy between you and SeatGeek . . . arising out of, relating in any way to, or in connection with the Terms, the SeatGeek website, Application or Services or your use of the SeatGeek website, Application or Services, your personal information, or any aspect of your relationship with SeatGeek, . . . shall be resolved exclusively by final, binding arbitration . . .
>
> **14.13 Class Action Waiver.** YOU AND SEATGEEK FURTHER AGREE THAT, EXCEPT AS SPECIFIED ABOVE IN CONNECTION WITH THE BATCHING PROCESS, EACH OF US MAY BRING CLAIMS AGAINST THE OTHER ONLY ON AN INDIVIDUAL BASIS AND NOT ON A CLASS, REPRESENTATIVE, OR COLLECTIVE BASIS.

Ex. A §§ 14.4, 14.13. Accordingly, the NAM Plaintiffs are bound by their agreement to arbitrate and waive all class action claims.

### III. THE ARBITRATION CLAUSE AND CLASS ACTION WAIVER ARE ENFORCEABLE

The arbitration clause and class action waiver are enforceable and bar the NAM Plaintiffs from bringing this putative class action.

*First*, the NAM Plaintiffs must arbitrate their claims. **Indeed, the NAM Plaintiffs' counsel has conceded that arbitration is proper by sending a notice of intent to initiate arbitration seven days prior to filing their FAC.** Counsel's admission is not surprising: the FAA embodies "the liberal federal policy favoring arbitration agreements," requiring courts to enforce agreements "according to their terms." *In re Am. Exp. Fin. Advisors Sec. Litig.*, 672 F.3d 113, 127 (2d Cir. 2015). In assessing arbitration clauses, courts consider, in relevant part, "whether the parties agreed to arbitrate" and "the 'scope' of the arbitration agreement." *Abdullayeva v. Attending Homecare Servs. LLC*, 928 F.3d 218, 221 (2d Cir. 2019). As shown above, the NAM Plaintiffs agreed to arbitrate by click-accepting SeatGeek's terms. In addition, the Court should easily find that the arbitration clause encompasses the NAM Plaintiffs' claims. The NAM Plaintiffs' claims are based on "[w]hen ticket purchasers visit Defendant's website." FAC ¶ 2; *see also id.* ¶¶ 8–12 (alleging Plaintiffs' ticket purchases). The NAM Plaintiffs' claims thus fall within the arbitration clause, including as claims "arising out of" or "relating in any way to" "the SeatGeek website," the NAM Plaintiffs' "use of the SeatGeek website," or "any aspect of [the NAM Plaintiffs'] relationship with

Case 1:24-cv-00932-NCM-JRC   Document 14   Filed 04/24/24   Page 3 of 4 PageID #: 77

April 24, 2024
Page 3

SeatGeek." Ex. A § 14.4; *see also Kassim v. CVS Albany, LLC*, 2022 WL 4357456, at *12 (E.D.N.Y. Sept. 20, 2022) (describing narrower clause as "broadly worded"). Courts routinely enforce arbitration clauses in similar circumstances. *See, e.g.*, *Nicholas v. Wayfair Inc.*, 410 F. Supp. 3d 448, 455–56 (E.D.N.Y. 2019) (enforcing arbitration clause); *see also Flores v. Chime Fin., Inc.*, 2022 WL 873252, at *2–3, *6 (S.D.N.Y. Mar. 23, 2022) (same).[3]

*Second*, the class action waiver is enforceable and bars the NAM Plaintiffs from bringing a class action. *See AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344, 352 (2011) (concluding the FAA permits class action waivers); *see Castro v. TCA Logistics Corp.*, 2021 WL 7287305, at *6–7 (E.D.N.Y. Mar. 31, 2021) (enforcing class action waiver under New York law); *see also Vitrano v. N.A.R., Inc.*, 2020 WL 1493620, at *9 (E.D.N.Y. Mar. 27, 2020) (same).

**IV.    THE COURT SHOULD DISMISS THE FAC UNDER RULES 12(B)(1) AND 12(B)(6)**

The Court should dismiss the FAC under Rule 12.[4] *First*, all Plaintiffs fail to allege Article III standing; a bare statutory violation cannot confer the injury-in-fact required to support constitutional standing. *See, e.g.*, *TransUnion LLC v. Ramirez*, 594 U.S. 413, 441 (2021).

*Second*, because Plaintiffs' claims rest on an alleged "added charge" (FAC ¶¶ 62–63), these claims fail under the voluntary payments doctrine. That is, Plaintiffs each paid with knowledge of all the relevant facts and fail to allege duress. *See, e.g.*, *Shelton v. CIOX Health, LLC*, 2018 WL 4211447, at *4 (E.D.N.Y. July 20, 2018) (dismissing complaint, where plaintiff paid fee for medical records without duress, knowing the fee far exceeded the statutory cap).

*Third*, Plaintiffs' unjust enrichment claim fails for the additional reasons that it is duplicative of their claim under the "All-In Pricing" law and a contract governs their dispute with SeatGeek. *Golden v. NBCUniversal Media, LLC*, 2023 WL 5434378, at *13 (S.D.N.Y. Aug. 23, 2023) (dismissing unjust enrichment claim as duplicative of statutory claim); *111 W. 57th Inv. LLC v. 111 W57 Mezz Inv. LLC*, 220 A.D.3d 435, 437 (1st Dep't 2023) (dismissing unjust enrichment claim because "a written agreement govern[ed] the subject matter at issue").

*Fourth*, Plaintiff Carey's claim also fails because he purchased a ticket to an event in Florida, and the All-In Pricing law only applies to events in New York. *See, e.g.*, N.Y. ARTS & CULT. AFF. LAW § 25.03(8) (defining "resale" as only including tickets to events located within New York State).

---

[3] If the Court at all questions the scope of the arbitration clause, it should delegate this issue to an arbitrator. *See* Ex. A § 14.11; *see, e.g.*, *Maldonado v. Nat'l Football League*, 2023 WL 4580417, at *5 (S.D.N.Y. July 18, 2023) (concluding arbitration clause's broad coverage and incorporation of commercial arbitration rules show the parties' intent "to have the arbitrator decide whether any disputes are covered by the" arbitration clause).

[4] If the Court declines to compel the NAM Plaintiffs to arbitration, the Court should dismiss the NAM Plaintiffs' claims under Rule 12, as well as Plaintiff Alexander Zajac's claims.

t: +1 212 479 6000  f: +1 212 479 6275  cooley.com

April 24, 2024
Page 4

Respectfully submitted,

*/s/ Christopher M. Andrews*
Christopher M. Andrews