

**CHAIR**
INVESTIGATIONS & GOVERNMENT OPERATIONS

**COMMITTEES**
CORPORATIONS, AUTHORITIES & COMMISSIONS
ENVIRONMENTAL CONSERVATION
FINANCE
JUDICIARY
LABOR
LOCAL GOVERNMENT

**SENATOR
JAMES SKOUFIS**
42ND SENATORIAL DISTRICT
STATE OF NEW YORK

**ALBANY OFFICE:**
ROOM 815
LEGISLATIVE OFFICE BUILDING
ALBANY, NY 12247
OFFICE: 518-455-3290

**DISTRICT OFFICE:**
45 QUAKER AVE., STE. 202
CORNWALL, NY 12518
OFFICE: 845-567-1270

e-mail:
skoufis@nysenate.gov

Clerk's Office
Filed Date:

Jul 30, 2024

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN OFFICE

July 26, 2024

Honorable Natasha C. Merle
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Dear Hon. Merle:

I write regarding the litigation pending before you in relation to Article 25 of the New York Arts and Cultural Affairs Law – specifically Section 25.07(4) that requires what is colloquially known as "all-in pricing" for the sale of tickets to entertainment events. As the lead sponsor, as well as drafter and negotiator, of Senate Bill 9461 / Chapter of Laws 358 of 2022, it is my paramount objective that New York's first-in-the-nation ticketing reforms are properly followed by all operators of places of entertainment, sellers, and resellers in line with clearly expressed legislative intent. Accordingly, I respectfully submit this commentary and context to the Court for consideration.

As the Chair of the New York State Senate Standing Committee on Investigations and Government Operations that has subject matter jurisdiction over sections of the Arts and Cultural Affairs Law, I have been chiefly involved in reviewing and legislating many aspects of the sale and resale of tickets to entertainment events. In May 2021, as part of a larger inquiry into the ticketing industry, my Committee released an investigative report[1] that recommended substantial reforms to business activities in this space, which were first memorialized in Senate Bill 6716B of 2021. Throughout 2021-2022, my Office regularly – and at times, incessantly – liaised with countless representatives of the ticketing industry – including but not limited to virtually all major primary and secondary sales platforms, individual brokers, consumer groups, venues, and other interested stakeholders and businesses – to apprise them of our ongoing legislative intentions regarding pending or enacted proposals. SeatGeek was undoubtedly part of that cohort, maintaining a consistently enmeshed and vocal presence throughout the lawmaking process.

Central to these routine and persistent discussions was straightforward messaging about our unambiguous designs for "all-in pricing" (i.e. a full disclosure of the total cost and fee structure of a ticket within its listing prior to it being selected for purchase, which may not change throughout the transaction except for the addition of certain delivery charges). The goals were

---

[1] See "Final Investigative Report: Live Event Ticketing Practices," by the NYS Senate Committee on Investigations and Government Operations (May 18, 2021). Available at https://www.nysenate.gov/sites/default/files/article/attachment/nys_senate_igo_committee_report_-_live_event_ticketing_practices.pdf

directly conveyed to all stakeholders: the first price you see for a ticket should be the price you pay for a ticket. That was the unmistakable objective broadcast by my Office, which correspondingly required removing all "clicks" and subsequent page views from the purchasing process. It was firmly represented to sellers, resellers, and operators that a purchaser should not have to go past the initial map or listing page for a given event in order to see the full purchase price and associated breakdown of fees, as that extra "clicking and scrolling" by a consumer ultimately defeats the arching purpose of "all-in pricing." Simply put, a purveyor of tickets is out of compliance as soon as a customer explores a performance and sees an artificially lower ticket price at the onset that neither includes fees nor a proper itemization of costs. A violation instantly occurs when a buyer observes this price differential when looking at an event; there is no opportunity for a seller to subsequently cure this infraction. Allowing a vendor to remedy this misconduct at any point in the transaction would categorically decimate the straightforward principle of an "all-in-pricing" scheme (i.e. immediate transparency).

Sellers, resellers, and operators very much knew this simple, uniform framework was not just the singular intent but also vital to maintaining consistency and fairness across numerous sales platforms. Instead of easily complying with this enacted provision by its effective date in 2022, many sellers and resellers actively implemented purchasing obstacles that made buyers click through multiple screens, affirmatively toggle on the "all-in pricing" option, or simply do math in their heads before securing their preferred tickets – all of which we vehemently communicated as unsatisfactorily adhering to the statute. My Office rebuked the act of toggling, in particular, as wholly unnecessary, a strong impediment to cost certainty, and running contrary to the spirit of the legislation; the onus should not be placed on the consumer to seek out this function nor should vendors be able to shield lawfully mandated purchasing information by adding another layer to the procurement process. Rather than being good actors, many sellers, resellers, and operators used the implementation period in 2022 to come up with more ways to actively skirt the plain reading of the law. It should be noted that the New York State Department of State agreed with this easily discernible statutory language, stating in guidance from June 2023 that an "all-in price must be disclosed to the consumer **before** the consumer selects the ticket for purchase" (beginning once a consumer visits a ticket marketplace and first sees a list of seat prices).[2]

Additionally, the Voluntary Payment Doctrine should not bar a Plaintiff's various claims under the Arts and Cultural Affairs Law. The Legislature never intended for this doctrine to shield bad actors (e.g. those sellers, resellers, and operators consciously misleading customers through deceptive pricing models that fly in the face of legislative intent of enacted state statutes) from willfully disregarding the law. The entire rationale of "all-in pricing" is to lead to educated consumers who are sufficiently informed to make buying decisions based on receiving *all* components of a ticket's price before making a purchase. This knowledge allows (potential) customers to "shop around" amongst sellers and resellers, comparing pricing as necessary while fully apprised of the total cost of entrance to an event. Absent this clear understanding, there is no way for an individual to make a conclusion he or she is getting the best value money can buy, which often must be decided quickly due to ticket scarcity and/or set timeframes during which tickets must be purchased. As multiple third-party charges are associated with virtually every ticket sale, the notion that fees are a voluntary part of the transaction is absurd. Moreover, given the issues with supply and demand, as well as set timeframes for purchasing (e.g. "clocks"), it is inconceivable that a consumer would have to challenge the imposition of various fees from a seller, reseller, or operator *before* making the purchase. Such a dispute is divorced from the reality of the purchasing process and would lead to less fans buying tickets to the events they

---

[2] *See* "All-In Pricing Reminder for Licensed Ticket Resellers," by the NYS Department of State (June 2023). Available at https://dos.ny.gov/system/files/documents/2023/06/ticket-reseller-reminder.pdf

want to attend. As sellers, resellers, and operators know they can capitalize on the emotions of consumers buying tickets to their favorite events as quickly as possible, these entities should not be allowed to purposefully obfuscate the "all-in price" to a customer's detriment and in violation of the law. This loathsome behavior (i.e. deliberately deceiving a consumer with a lower or misidentified ticket price) is exactly what the New York State Legislature attempted to preclude, and it should not be permitted.

Thank you for taking this perspective into account as you make your deliberations. If I can be of any further assistance to the Court in relation to this litigation, please do not hesitate to contact my Office.

Sincerely,

James Skoufis
State Senator, 42nd District